IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| ANTHONY PRICE, *et al.* | * |
| Plaintiffs | * |
| v. | * Case No. 1:14-cv-00763-JMC |
| BERMAN'S AUTOMOTIVE, INC. | * |
| Defendant | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Berman's Automotive, Inc., Defendant, by its attorneys, Jeffrey N. Pritzker, Randolph C. Baker, and the Law Offices of Jeffrey N. Pritzker, LLC, pursuant to Rule (12)(b)(1) of the Federal Rules of Civil Procedure, moves to dismiss the above-captioned action for lack of subject matter jurisdiction. The following is submitted in support of this motion:

### I. Statement of Facts and Procedural Background

On February 25, 2014, the Plaintiffs, Anthony Price and Virginia Aldrich, purchased a used vehicle from the Defendant, Berman's Automotive, Inc. In connection with their purchase of the vehicle, the Plaintiffs executed a "Retail Installment Sale Contract" ("RISC"), "Retail Purchase Agreement," and other documents.

The Plaintiffs' down payment in the transaction was a total of $2,000, of which $1,200 was paid on the date of purchase and the $800 balance was deferred until March

11, 2014. The Plaintiffs failed to make the $800 deferred down payment, and the vehicle was thereafter repossessed.[1]

Plaintiffs' original Complaint (ECF document #1) consisted of the following three (3) counts:

| Count No. | Description |
| --- | --- |
| 1 | Violation of the Truth in Lending Act |
| 2 | Violation of the Maryland Consumer Protection Act |
| 3 | Revocation of Acceptance |

The Defendant filed a preliminary dismissal /summary judgment motion. In response to the motion, the Plaintiffs filed an Amended Complaint (ECF document #6) consisting of the following five (5) counts:

| Count No. | Description |
| --- | --- |
| 1 | Violation of the Truth in Lending Act |
| 2 | Deceit by Non-Disclosure or Concealment |
| 3 | Negligent Misrepresentation |
| 4 | Violation of COMAR § 11.12.01.15(A) and Commercial Law Article § 12-604 |
| 5 | Violation of the Maryland Consumer Protection Act |

Plaintiffs asserted various TILA violations in their Amended Complaint. Plaintiffs alleged that TILA was violated in the following respects: (1) that the timing of the TILA disclosures were not made in compliance with TILA, (2) that the insurance company

---

[1] In a prior filing submitted in the case (ECF document #8, p.2), Plaintiffs admitted that they "were unable to make the Pickup Payment of $800" and "Berman's repossessed The Vehicle on or about March 27, 2014."

responsible for GAP coverage was not identified within the itemization of amount financed, (3) that the Plaintiffs were charged $9,696 for the subject vehicle, instead of $5,995, and (4) that the disclosures regarding the deferred down payment of $800 were inadequate. The Plaintiffs also alleged various factual allegations in connection with non-TILA, state law causes of action.

In response to the Amended Complaint, the Defendant filed another preliminary motion to dismiss / motion for summary judgment. On November 4, 2014, the Court issued a Memorandum Opinion (ECF document #10), granting the Defendant's dismissal motion in part. All the alleged TILA claims were dismissed by the Court, except Plaintiffs' claim "asserting a TILA disclosure timing violation." With respect to the multitude of non-TILA claims alleged, all the claims made by the Plaintiffs were dismissed, except Plaintiffs' misrepresentation-based claims predicated on the factual allegation that a payment schedule of $300 a month for 36 months was orally represented to them, whereas the RISC signed by the Plaintiffs provided for monthly payments of $882.81 for 12 months. The difference in the payment schedule is the sole factual basis for the misrepresentation-based causes of action (fraud, negligent misrepresentation, and violation of the Maryland Consumer Protection Act).

In interrogatories (interrogatory #9) both Plaintiffs where requested to itemize and show how they calculate any damages claimed in the action,"whether economic, non-economic, punitive or other." Each Plaintiff responded as follows[2]:

> Damages include loss of down payment of $1,200.00 and any reporting in the past or future by defendant to any credit

---

[2] Plaintiffs' answer to interrogatory #9 are attached as Exhibit #1 and Exhibit #2.

reporting company as to repossession of the purchased vehicle, or alleged failure to make payments to defendant either as to alleged down payment of $800.00 and any deficiency due.

On July 17, 2015, the Defendant filed a Motion for Summary Judgment (ECF document #27). The Defendant argued, *inter alia*, that statutory damages were not available for the remaining TILA claimed by Plaintiffs and that Plaintiffs did not sustain actual damages as alleged.

By Memorandum Opinion (ECF document #32) issued on September 28, 2015, this Honorable Court granted the summary judgment motion in part and denied it in part. The Court granted summary judgment in favor of the Defendant on Plaintiffs' negligent misrepresentation claim. With respect to statutory damages for the alleged TILA violation, the Court agreed with the Defendant's position and granted summary judgment in its favor for Plaintiffs' claim for statutory damages under TILA. With respect to actual damages, the Court held that the $1,200 down payment made to the dealership could constitute actual damages[3] if Plaintiffs prove their claim because Plaintiffs "claim that had the [TILA] disclosures been timely made, they would not have signed the RISC and would not have made the down payment." Memorandum Opinion, p.5.

By letter dated October 21, 2015, sent via Federal Express, counsel for Defendant delivered to counsel for Plaintiffs a cashier's check from 1st Mariner Bank in the amount of $1,320.14. The cashier's check consisted of a refund of Plaintiffs' down payment of

---

[3] In a private action under the CPA, an actual injury or loss sustained as the result of practice prohibited by the CPA is required. See, Citaraminis v. Hallowell, 328 Md. 142, 613 A.2d 964 (1992); McGraw v. Loyola Ford, Inc., 124 Md. App. 560, 723 A.2d 502 (1999); Hall v. Lovell, 121 Md. App. 1, 708 A.2d 344, 356 (1998). A fraud claim also requires compensatory damages.

4

$1,200, accrued interest thereon, and was unconditional. A copy of the (a) October 21, 2015 transmittal letter, (b) copy of the interest worksheet, and (c) copy of the certified check are attached hereto collectively as Exhibit #3. By letter dated November 10, 2015, a copy of which is attached hereto as Exhibit #4, counsel for Plaintiffs refused to accept the cashier's check and returned same to counsel for Defendant.

## II. Lack of Subject Matter Jurisdiction Jurisprudence

A motion to dismiss pursuant to Federal Rule 12(b)(1) raises the Court's subject matter jurisdiction over a plaintiff's claim. When a defendant challenges the existence of subject matter jurisdiction, the plaintiff has the burden of proving the existence of subject matter jurisdiction.

Subject matter jurisdiction may be raised at any time. Indeed, Federal Rule 12(h)(3) specifically mandates that "[i]f the court determines <u>at any time</u> that it lacks subject-matter juridiction, the court <u>must</u> dismiss the action." (Emphasis added). Subject matter jurisdiction must exist at all times during the course of the litigation. As the Supreme Court has declared: "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." <u>Genesis Healthcare Corp. v. Symczyk</u>, 133 S. Ct. 1523 (2013)(internal quotations and citations omiteed). <u>See also</u>, <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."); <u>Koger v. U.S.</u>, 755 F.2d 1094, 1096 (4th Cir. 1985)("[A]ctual controversy must exist at all stages of review rather than only at the time of the filing of the complaint."). When a case or

controversy ceases to exist, the litigation becomes moot and a federal court no longer possesses subject matter jurisdiction with which to proceed.

"A court is deprived of jurisdiction over a case when the case becomes moot." Williams v. Ozmint, 716 F.3d 801,809 (4th Cir. 2013). A claim becomes moot "when the claimant receives the relief he or she sought to obtain through the claim." Simmons v. United Mortgage & Loan , 634 F.3d 754, 763 (4th Cir. 2011)(citation and quotation marks omitted)," or "when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff." Williams v. Ozmint, 716 F.3d 801,809 (4th Cir. 2013). If a litigant quantifies the alleged damages in response to a discovery request (as in the present case), payment of that amount would moot the case. See, Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 372 (4th Cir. 2012)("[H]ad Warren quantified her alleged damages in response to a discovery request and the defendants offered that amount, her case would be moot.").

The lack of jurisdiction of a federal court to adjudicate moot cases is constitutional in nature and derives from the requirement of Article III of the Constitution under which the exercise of federal judicial power depends on an actual case or controversy. If the case or controversy requirement of Article III of the Constitution is lacking, a federal court does not have jurisdiction. "Federal court lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 - 71. (1983). As the Supreme Court has stated, "[w]here on the face of the record it appears that

the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward." Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990).

### III. Lack of Subject Matter Jurisdiction in the Present Case

The bank cashier's check tendered to Plaintiffs' counsel provided payment of the actual damages at stake in the litigation and also as expressed under oath in Plaintiffs' Answers to Interrogatories. Accordingly, the payment made renders this lawsuit moot. The fact that Plaintiffs' counsel returned the payment is inconsequential as actual payment was made. Plaintiffs simply may not spurn the payment and insist on continuing the litigation. No active case or controversy remains for adjudication.

Significantly in the present case, the Defendant did not make a mere bare promise of payment or a Rule 68 Offer of Judgment. By sharp contrast, counsel for the Defendant actually tendered a bank cashier's check for full payment of Plaintiffs' alleged damages. Actual payment is fundamentally and drastically different from either a promise to pay or a judgment entered following an accepted Rule 68 Offer of Judgment.

The recent Supreme Court case of Cambell-Ewald Co. v. Gomez is instructive. On January 20, 2016, the Supreme Court in Cambell-Ewald Co. v. Gomez, case no. 14–857, October Term, 2015, resolved a conflict among the Court of Appeals and held that an unaccepted Rule 68 Offer of Judgment would not moot a case. However, unlike the facts in the present case, the Gomez case did not concern mootness when an actual payment is made. Indeed, the majority opinion in Gomez stated the limited scope of its decision:

> In sum, an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate Gomez's complaint. That ruling

7

> suffices to decide this case. We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical.

Gomez, p. 14.

Justice Thomas in his concurrence noted Cambell-Ewald "only declared its intent to pay. Because Cambell-Ewald only offered to pay Gomez's claim but took no further steps, the court was not deprived of jurisdiction." Gomez, p. 23. Chief Justice Roberts in his dissent joined by Justice Scalia and Justice Alito, also noted the limited scope of the Gomez decision, stating:

> The good news is that this case is limited to its facts, The majority holds that an *offer* of complete relief is insufficient to moot a case. The majority does not say that *payment* of complete relief leads to the same result.

Gomez, p. 35 (emphasis in original)

Of significance to the facts presented in the case *sub judice* is Justice Alito's observation in his dissent: "**[t]oday's decision thus does not prevent a defendant who actually pays complete relief– either directly to the plaintiff or to a trusted intermediary– from seeking dismissal on mootness grounds**." Gomez, p. 39 (emphasis added). With respect to the means to effectuate payment, Justice Alito observed that "[t]he most straightforward way is simply to pay over the money. The defendant might hand the plaintiff a certified check or deposit the requisite funds in a bank account in the plaintiff's name." Gomez, p. 38. In other words, the Defendant must "show the money."

## IV. Conclusion

The Plaintiffs in the present case, through their attorney, received payment in full by a bank cashier's check for any actual damages potentially recoverable in this case, presuming that Plaintiffs even prevailed at trial. Consequently, no active case or controversy exists for adjudication by this Honorable Court. Most fundamentally, because a case or controversy no longer exists, subject matter jurisdiction is lacking and the case must be dismissed.

WHEREFORE, for all the foregoing reasons, it is respectfully requested that this case be dismissed for lack of subject matter jurisdiction.

/ S /
Jeffrey N. Pritzker, #01546
jpritzker@pritzkerllc.com


/ S /
Randolph C. Baker, #05954
rbaker@pritzkerllc.com
Law Offices of Jeffrey N. Pritzker, LLC
Towson City Center
1 Olympic Place, Suite 900
Towson, Maryland 21204
410-649-4480 (phone)
410-576-8999 (fax)
*Attorneys for Defendant, Berman's Automotive, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANTHONY PRICE, ET AL

    Plaintiffs,

v.                                         CIVIL ACTION NO. 1:14-CV-00763-JMC

BERMAN'S AUTOMOTIVE, INC.

    Defendant.

## ANSWERS TO INTERROGATORIES

Plaintiff Virginia Aldrich by her attorney Bernard T. Kennedy submits the following answers to the interrogatories served by the defendant.

    (a) The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes that of its co-plaintiff and attorney, unless privileged.

    (b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and, thus, does not necessarily purport to be the precise language of the executing party.

**Interrogatory #1:** State your full legal name, all names by which you have been known, and your date of birth.

    **ANSWER:** Virginia Kathleen Aldrich, DOB, ▓▓▓▓▓▓

**Interrogatory #2:** State all addresses where you have lived for the past 5 years and the dates you lived at each address.

    **ANSWER:** 4 Phlox Cir Apt 6, Owings Mills MD 2013-2015, 18 E. Chatsworth, Owings


EXHIBIT #1

**Interrogatory #9:** Itemize and show how you calculate any damages claimed by you in this action, whether economic, non-economic, punitive or other. [Federal Standard Interrogatory No. 3].

**ANSWER:** Damages include loss of down payment of $1,200.00, and any reporting in the past or future by defendant to any credit reporting company as to repossession of the purchased vehicle, or alleged failure to make payments to defendant either as to alleged down payment of $800.00 and any alleged deficiency due.

**Interrogatory #10:** Identify all documents signed by you in connections with the purchase of the subject motor that you contend you were precluded from reading before signing the document.

**ANSWER:** I was precluded from reading the Retail Purchase Agreement and the Retail Installment Sale Contract Simple Finance Charge.

**Interrogatory #11:** State the facts concerning the matters allege in paragraph 10 of your Amended Complaint that you were precluded from reading the Retail Installment Sale Contract ("RISC"). [Federal Standard Interrogatory No. 10, modified to identify particular contentions of Plaintiffs]

**ANSWER:** Defendant's woman Finance person held in her hand several piece of paper and told me where to sign or initial. The Finance person retained control of each sheet of paper precluding plaintiffs from reading the documents and told us to initial here, initial there; and sign here sign there and failed to provide the documents to me or Anthony for review prior to or during execution.

**Interrogatory #12:** State fully and completely all reasons why you signed or initialed documents when you contend that you were precluded from reading the document.

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANTHONY PRICE, ET AL

    Plaintiffs,

v.                                        CIVIL ACTION NO. 1:14-CV-00763-JMC

BERMAN'S AUTOMOTIVE, INC.

    Defendant.

## AMENDED ANSWER TO INTERROGATORIES

Plaintiff Anthony Price his attorney Bernard T. Kennedy submit the following answers to the interrogatories served by the defendant.

    (a) The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes that of its co-plaintiff and attorney, unless privileged.

    (b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and, thus, does not necessarily purport to be the precise language of the executing party.

dates you lived at each address.

the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualification of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions [Maryland Standard General Interrogatory No. 2].


EXHIBIT #2

**Interrogatory #9:** Itemize and show how you calculate any damages claimed by you in this action, whether economic, non-economic, punitive or other. [Federal Standard Interrogatory No. 3].

**ANSWER:** Damages include loss of down payment of $1,200.00, and any reporting in the past or future by defendant to any credit reporting company as to repossession of the purchased vehicle, or alleged failure to make payments to defendant either as to alleged down payment of $800.00 and any alleged deficiency due.

*/s/ Bernard T. Kennedy*

Bernard T. Kennedy
34 Rogers Street Suite A
Blairsville, GA 30512
Fed Bar # 26843
(706) 400-2650 Tel
(443) 440-6372 Fax

## CERTIFICATE OF SERVICE

This is to certify that on April 1th 2015, a copy of the foregoing was mailed via U.S. Mail postage prepaid to:

Jeffrey N. Pritzker, Esq.
Randolph C. Baker, Esq.
Law Offices of Jeffrey N. Pritzker, LLC
Towson City Center
1 Olympic Place, Suite 900
Towson, MD 21204

## VERIFICATION OF RESPOINSE TO INTERROGATORIES

The undersigned states that the facts stated in the responses to interrogatories are true to the best of my knowledge and belief. As to legal contentions and analysis, I have no personal knowledge, but reply upon counsel.

The forgoing is true and correct.

Signed under the penalty of perjury on, April 10 2015.

A copy of my signature is equivalent to an original signature.

*[signature]*

Anthony Price

Law Offices of
# Jeffrey N. Pritzker, LLC

Randolph C. Baker, Esquire

Towson City Center
1 Olympic Place, Suite 900
Towson, Maryland 21204
Telephone: 410-649-4480
email: rbakeratty@aol.com

October 21, 2015

**Via Federal Express**
TRK# 7747 8874 6238

Bernard Kennedy, Esq.
The Kennedy Law Firm
34 Rogers Street, Suite A
Blairsville, Georgia 30512

      Re:  Price, *et al.* v. Berman's Automotive, Inc.
            Case No. 1:14-cv-00763-JMC

Dear Mr. Kennedy:

    We recently met with our client to discuss the above-referenced case. Berman's Automotive, Inc., upon advice of counsel, has voluntarily decided to return the Plaintiffs' down payment of $1,200.

    In that regard, a cashier's check from 1st Mariner Bank (#349399) in the amount of $1,320.14 is enclosed. This payment includes return of the $1,200 payment made by the Plaintiffs as well as accrued interest from February 25, 2014 through and including October 26, 2015 at the rate of 6% per annum. The 6% interest rate is the interest rate provided in the Maryland Constitution. I have also enclosed an interest worksheet showing how the amount of interest was computed.

    Please note that this voluntary payment is not an admission of liability or of any wrongdoing on the part of the Defendant, its agents, servants, and/or employees. The Defendant expressly denies liability for the claims asserted against it.

Very truly yours,

*/s/ Randolph C. Baker*
Randolph C. Baker

RCB\
Enc.
cc:   Thomas Minton, Esq.

# INTEREST CALCULATION

I. **Per diem rate of interest**

$1,200 (principal) at 6 % per annum = $72.00/ year

$72.00/ year ÷ 365 days = *$.1972602/ day*

II. **Number of days of interest (Printout from duration claculator attached)**

02/25/2014 (date payment of $1200 made) through and including 10/26/15

= *609 days*

III. **Interest computation**

609 days x .1972602/ day = $120.13146

$120.13146 rounded up = **$120.14**

timeanddate.com

# Calculate duration between two dates – results

From and including: Tuesday, February 25, 2014
To and including: Monday, October 26, 2015

### Result: 609 days

It is 609 days from the start date to the end date, end date included

Or 1 year, 8 months, 2 days including the end date

### Alternative time units

609 days can be converted to one of these units:

- 52,617,600 seconds
- 876,960 minutes
- 14,616 hours
- 609 days
- 87 weeks
- 166.85% of a common year (365 days)

**February 2014** — 4 days included

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | **[25]** | 26 | 27 | 28 |  |

**March 2014** — 31 days included

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |  |  |  |  |  |

**April 2014–September 2015**

April 2014–December 2014: 275 days included
January 2015–September 2015: 273 days included

**October 2015** — 26 days included

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|
|  |  |  |  | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | **[26]** | 27 | 28 | 29 | 30 | 31 |

= First day included (Feb 25, 2014)   = Last day included (Oct 26, 2015)

### Make a new calculation

- Modify the current calculation
- New calculation between two other dates
- New calculation, with both date and time included

Copyright © Time and Date AS 1995–2015. All rights reserved

timeanddate.com





# THE KENNEDY LAW FIRM
## BERNARD T. KENNEDY

P.O. BOX 673      BLAIRSVILLE, GA 30514      TEL (706) 400-2650      FAX (443) 440-6372

ALSO ADMITTED IN CONNECTICUT
ALSO ADMITTED IN MARYLAND

bernardtkennedy@yahoo.com


November 10, 2015

Randolph C. Baker, Esquire
Law Offices of Jeffrey N. Pritzker, L.L.C.
1 Olympic Place, Suite 900
Towson, MD  21204

RE: Price et al, v. Berman's Automotive, Inc.

Dear Mr. Baker:

    Please refer to your letter dated October 21, 2015 referencing a cashier's check in the sum of $1,320.14.

    Enclosed please find the aforesaid check, the matter was discussed and was determined it was not in the best interest of the plaintiffs to accept the check under the terms of your letter.

Very truly yours,

Bernard T. Kennedy
Enc.

PLEASE NOTE NEW MAILING ADDRESS:  P.O. Box 673
BLAIRSVILLE, GA 30514

EXHIBIT #4