IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY PRICE, et al., | * | |
| Plaintiffs | * | |
| v. | * | Civil Case No. 14-763-JMC |
| BERMAN'S AUTOMOTIVE, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs, Anthony Price and Virginia Aldrich, brought this action against Defendant, Berman's Automotive Inc. ("Berman's"), alleging a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f, and various state law claims.[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 20, 22.) Now pending before the Court is Berman's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 40). The Court has also considered Plaintiffs' Responses in Opposition and Berman's Reply. (ECF Nos. 42, 43, 44). No hearing is necessary. Loc. R. 105.6 (D. Md. 2014). For the reasons that follow, Berman's Motion to Dismiss is DENIED without prejudice.

**I.   Background**

On February 25, 2014, Plaintiffs purchased a 2003 Jeep Grand Cherokee from Berman's. Because they could not pay the full price of the Jeep in cash, they sought financing from the dealership. The Retail Installment Sales Contract ("RISC") that Plaintiffs signed provided for a

---

[1] In Memorandum Opinions dated November 4, 2014 and September 28, 2015, this Court dismissed and granted summary judgment in favor of Berman's on several of Plaintiffs' claims. (ECF Nos. 10, 32.) Plaintiff's remaining claims include a claim for actual damages for Berman's alleged TILA timing violation, a claim under Maryland's Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101–13-501, and a claim of fraud under Maryland law.

$2000.00 down payment followed by 12 monthly installments of $882.31.[2] By contrast, Plaintiffs claim that prior to signing the RISC a salesman at Berman's informed them that the payment for the vehicle would be around $300.00 per month. Similarly, Plaintiffs claim that prior to signing the RISC a finance manager also discussed with Mr. Price a payment schedule involving approximately 36 monthly installments of $300.00. When it came time to sign the RISC, Plaintiffs state that the finance manager retained possession of the RISC and essentially flipped through the documents, directing Plaintiffs where to sign and initial. According to Plaintiffs, the manner in which the finance manager held the RISC "conceal[ed] the top part," of the documents. Thus, it was not until later that evening, once Plaintiffs had returned home, that they noticed that the RISC provided different terms than those which were verbally conveyed to them. Plaintiffs contend that the discrepancy between the verbal representations regarding the monthly installments those provided in the RISC violated TILA and the MCPA, and constituted fraud and under Maryland law.

## II.      Motion to Dismiss

### A.      Plaintiffs' Truth in Lending Act Claim

Federal Rule of Civil Procedure 12 instructs that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P 12(h)(3). A court is deprived of jurisdiction over a case when it becomes moot. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). In this case, the Court's subject matter jurisdiction is premised upon the federal question implicated by Plaintiffs' TILA claim. No other basis for jurisdiction exists, since Plaintiffs' remaining claims sound in state law and since the parties are not diverse. *See* 28

---

[2] Under a separate down payment agreement, Plaintiffs were to pay a total down payment of $2,000.00—$1,200.00 to be paid that day, with the remaining $800.00 deferred several weeks. Plaintiffs apparently made only the initial $1,200.00 payment—they never completed the down payment or made any monthly installments.

U.S.C. §§ 1331, 1332.  Plaintiffs' sole remaining claim under TILA is for actual damages equal to the $1,200.00 portion of the down payment they made.  After the Court had dismissed and granted summary judgment on all of Plaintiffs' other TILA claims, Berman's sent Plaintiffs an cashier's check equal to the sum of the down payment plus interest, with a letter expressing Berman's continued denial of liability.  (Def.'s Mem. 4-5, Ex. 3, ECF No. 40.)  Plaintiffs, however, declined to accept the payment and returned the check to Berman's counsel.  (Def.'s Mem. 5, Ex. 4.)  Berman's now claims that its attempted payment mooted Plaintiffs' TILA claim and eliminated the Court's subject matter jurisdiction over this case.  Plaintiffs argue, however, that their claim is not moot because in addition to actual damages, TILA mandates that the Court award costs and a reasonable attorney's fee to a claimant who brings a successful action to enforce liability against a defendant.  *See* 15 U.S.C. § 1640(a)(3).

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011).  In order to determine whether a claim has been mooted, courts consider whether it is possible "for a court to grant any effectual relief whatever to the prevailing party."  *Knox v. Service Emps. Int'l Union, Local 1000*, 132 S.Ct. 2277 (2012) (internal quotation marks and citation omitted).  A common factual change that serves to moot a claim occurs "when the claimant receives the relief he or she sought to obtain through the claim."  *Simmons*, 634 F.3d at 763 (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).  Although the Supreme Court recently held that a Rule 68 offer of judgment does not moot a claim by providing the claimant the relief he sought to obtain, it has never confronted the specific issue raised here: whether a plaintiff's claim is mooted when a defendant tenders *actual payment* equal to the full amount of a plaintiff's claim.  *Campbell-Ewald Co. v. Gomez*,

-- U.S. --, 136 S.Ct. 663, 672 (2016) ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount."). Indeed, the majority of the cases cited by both parties, while somewhat instructive as to mootness generally, are largely inapposite here since they confront whether unaccepted settlement offers or Rule 68 offers of judgment moot a claim. *See Simmons*, 634 F.3d at 766 (holding that an offer of incomplete relief did not moot a case); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365 (4th Cir. 2012) (holding that a Rule 68 offer of judgment moots a case), abrogated by *Campbell-Ewald*, 136 S.Ct. 663; *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015) (holding that an offer of complete relief does not moot a claim). Even the Supreme Court in *Campbell-Ewald* appeared to concede that cases involving *offers* of settlement or judgment might be critically distinguishable from those involving actual payment of a plaintiff's claimed damages. 136 S.Ct. at 671 (distinguishing the case before the Court from a trio of railroad tax cases on the ground that the railroad cases had involved actual payment of the taxes which the suits were brought to recover).

When confronting an unconditional tender equal to the full amount of a plaintiff's claimed damages, other courts have found that such a payment serves to moot a plaintiff's claim. *See Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) ("[Defendant] paid [Plaintiff] the benefits she requested in her complaint, including the amount she was owed at the time and the proper amount going forward. Since [Plaintiff] had received everything she requested in her benefit claim, that claim became moot and the district court lacked jurisdiction to enter summary judgment against [Defendant]."); *see also Gathagan v. Rag Shop/Hollywood, Inc.*, No. 04-80520-Civ, 2005 WL 6504414, at *2 (S.D. Fla. Feb. 10, 2005) ("Defendant's tender

of Plaintiff's maximum recoverable damages has rendered her case moot, and the motion to dismiss with prejudice is granted."). As discussed in this Court's prior opinion, Plaintiffs demonstrated an adequate causal link between Berman's alleged TILA violation and their loss of the $1,200.00 down payment to preclude summary judgment. Plaintiffs did not then, nor do they now, point to any "actual damages" they suffered as a result of Berman's alleged TILA timing violation beyond the loss of their down payment. Berman's is thus correct that its unconditional tender equal to Plaintiffs' down payment plus interest provided Plaintiffs the entire relief they stood to obtain through their TILA claim, and had Plaintiffs prevailed on the merits of that claim at trial, the Court would not have been able to award Plaintiffs any relief beyond the payment Berman's tendered.

In several cases, however, courts have reasoned that a judgment itself provides a form of additional relief, such that a settlement offer or payment not paired with a judgment fails to moot a case. *See Simmons*, 634 F.3d at 766; *Winston v. Stewart Title and Guar. Co.*, 920 F. Supp. 2d 631, 635 (D. Md. 2013). As the Eleventh Circuit explained in *Zinni v. ER Solutions, Inc.*, "a judgment is important . . . because the district court can enforce it." 692 F.3d 1162, 1168 (11th Cir. 2012). For example, the defendant in *Winston* had tendered payment to the plaintiff in the amount of her claimed damages plus interest, but had not consented to an entry of judgment for that amount. This Court reasoned that because the tender in *Winston* did not include an offer for entry of judgment, the Court would have no basis to compel the defendant to pay, should the defendant's check turn out to be defective.[3] *Winston*, 920 F. Supp. 2d at 635. Accordingly, the Court found that "full relief" had not been offered. *Id.* Here, however, Berman's payment was

---

[3] Other concerns not relevant here, such as the possibility that the plaintiff might obtain relief beyond the tendered payment as well as the impact that mooting the case might have on the class action also informed the Court's determination that the case was not mooted by the defendant's attempted payment. *Winston*, 920 F. Supp. 2d at 636-37.

in the form of a cashier's check, so the funds were guaranteed by the issuing bank. A judgment in this case would thus be of no additional value to Plaintiffs, because there is no legitimate risk of non-payment and no other foreseeable circumstance under which the Court might need to enforce the judgment. Accordingly, a judgment would not provide Plaintiffs any additional relief.

Plaintiffs' claim of additional relief based on TILA's provision of costs and attorney's fees is unavailing. The Supreme Court has made clear that a potential claim for attorney's fees is insufficient to sustain an otherwise moot case. *See e.g., Lewis v. Cont'l Bank Corp*, 494 U.S. 472, 480 (1990); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107-08 (1998). However, the parties apparently overlook the fact that the dismissal of Plaintiffs TILA claim as moot would not preclude Plaintiffs from seeking or recovering attorney's fees. For example, other courts have found that the question of attorney's fees is ancillary to the underlying action and survives independently under the court's equitable jurisdiction. *United States v. Ford*, 650 F.2d 1141 (9th Cir. 1981). Moreover, the absence of a judgment in Plaintiffs' favor would not necessarily prevent the Court from finding that their TILA action was successful. [4] *See Carbonell v. INS*, 429 F.3d 894, 899 (9th Cir. 2005) ("we have recognized that litigants who achieve relief other than a judgment on the merits or a consent decree are prevailing parties"); *see also Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199 (11th Cir. 2012) (considering whether the plaintiff was a "prevailing party" for purposes of a fee shifting statute where the parties conceded that the case had been mooted by the defendant's actual payment to the plaintiff of his claimed damages.)

Finally, as a practical matter, Plaintiffs returned the check to Berman's, so the Court cannot presently find that the payment mooted Plaintiffs' TILA claim. Nor can the Court order

---

[4] The Fourth Circuit has construed TILA's "successful action" language as largely synonymous with the "prevailing party" language often used in federal statutes with fee shifting provisions. *Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 186 (4th Cir. 2007).

Berman's to reissue its check. Accordingly, Berman's motion is denied without prejudice. However, if Berman's reissues an unconditional cashier's check equal to the amount of the down payment plus interest, it may re-file its motion and submit to the Court proof of payment and delivery of payment to Plaintiffs. The Court will then dismiss Plaintiffs' TILA claim as moot.

### B.     Plaintiffs' Fraud and Maryland Consumer Protection Act Claims

Finally, I note that neither party has addressed whether, in the event that it dismisses Plaintiffs' TILA claim, the Court may properly retain jurisdiction over Plaintiffs' remaining state law claims. "The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away." *See Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995) (emphasis in original). Relevant considerations to a court's decision to exercise its discretion include judicial economy, convenience and fairness to the litigants, comity to the states, and the promotion of justice between the parties. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). This is not, however, a case in which the "federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," such that the balance of factors indicates that the case properly belongs in state court. *Carnegie-Mellon*, 484 U.S. at 350. Instead, discovery in this case is complete, the dispositive motions have been filed and ruled upon, and had Berman's not filed the instant motion, the parties would now be on the eve of trial. Judicial economy and convenience and fairness to the litigants thus weigh strongly in favor of the Court's continued jurisdiction over Plaintiffs' state law claims, even if the Court's basis for federal jurisdiction drops away. Accordingly, unless Berman's payment would also moot Plaintiffs' MCPA and fraud claims, the Court will exercise its discretion to retain jurisdiction over those claims.

For a private enforcement proceeding under the MCPA, a claimant can recover only for actual injury or loss; punitive damages are not available. *DeReggi Const. Co. v. Mate*, 747 A.2d 743, 752 (Md. 2000); *Mattingly v. Hughes Elecs. Corp.*, 107 F. Supp. 2d 694, 698 (D. Md. 2000). As discussed above, Berman's unconditional payment was equal to the full amount of the actual damages Plaintiff alleges resulted from their transaction with Berman's. It was thus equal to the maximum amount of damages the jury could have awarded Plaintiffs if they prevailed on the merits of their MCPA claim, such that it would also suffice to moot that claim. In light of the practical considerations previously noted, if Berman's reissues and delivers to Plaintiffs the unconditional cashier's check equal to the amount of the down payment plus interest, it may submit proof of payment to the Court. The Court will then also dismiss Plaintiffs' MCPA claim as moot.

The same cannot be said of Plaintiffs' fraud claim. Under Maryland law, if Plaintiffs succeed on the merits of their fraud claim and establish that Berman's acted with actual malice, the jury could properly award them punitive damages in addition to any actual damages they establish. *Ellerin v. Fairfax Savs., F.S.B.*, 652 A.2d 1117, 1126 (Md. 1995).[5] Thus, because it is possible for Plaintiff to receive relief beyond the amount of the down payment plus interest if they prevail on their fraud claim, that claim could not have been mooted by Berman's payment.[6] Accordingly, if Berman's reissues the unconditional check equal to the amount of the down payment plus interest, rendering Plaintiffs' claims under TILA and the MCPA moot, the Court

---

[5] To recover punitive damages, Plaintiffs were required to, and did, demand punitive damages in their complaint. *Scott v. Jenkins*, 690 A.2d 1000 (Md. 1997); (Compl. ¶ 76-2).

[6] The parties' summary judgment briefing addressed several components of Plaintiffs' fraud claim, but did not specifically confront Plaintiffs' request for punitive damages. The Court is of course expressing no opinion as to whether there is evidence sufficient to meet Plaintiffs' burden on their fraud claim and accompanying punitive damages request.

will nevertheless exercise its discretion to retain jurisdiction over Plaintiffs' remaining fraud claim.

### III.   Conclusion

For the foregoing reasons, Berman's Motion to Dismiss is DENIED without prejudice. Actual and unconditional payment by Berman's to Plaintiffs via cashier's check in an amount equal to their down payment plus interest and delivery of that check to Plaintiffs will moot Plaintiffs' claims under TILA and the MCPA. It will not, however, moot Plaintiffs' fraud claim. If Berman's reissues a check to Plaintiffs, Berman's may re-file its motion and submit proof of its payment to the Court. At that point, Plaintiffs' TILA and MCPA claims will be dismissed. Regardless of whether those claims are dismissed, this case will proceed to trial on at least Plaintiffs' fraud claim. Plaintiffs' claim for attorney's fees and costs under TILA can be separately submitted after the remaining issues have been determined. Counsel are thus directed to notify my chambers no later than **March 25, 2016** via a joint submission whether **June 13, 2016** is a mutually agreeable date for the trial to commence.

Dated: March 18, 2016                              /s/
                                                    J. Mark Coulson
                                                    United States Magistrate Judge