IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY PRICE, et al., | * | |
|    Plaintiffs | * | |
| v. | * | Civil Case No. 14-763-JMC |
| BERMAN'S AUTOMOTIVE, INC., | * | |
|    Defendant. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiffs, Anthony Price and Virginia Aldrich, brought this action against Defendant, Berman's Automotive Inc. ("Berman's"), alleging a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f, and various state law claims.[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 20, 22.) Now pending before the Court is Berman's Motion *in Limine*. (ECF No. 52). The motion has been fully briefed (ECF Nos. 53, 54), and no hearing is necessary, Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Berman's Motion *in Limine* is DENIED.

**I.   Background**

Berman's motion relates to Plaintiffs' untimely supplementation of their responses to Berman's Interrogatory No. 9. The interrogatory at issue asked Plaintiffs to itemize and demonstrate how they calculated their claimed damages, "whether economic, non-economic, punitive, or other." (Def.'s Mot. Ex. 1.) Following an exchange concerning the sufficiency of his initial response, Mr. Price amended his response on April 11, 2015 to assert that his

---

[1] In Memorandum Opinions dated November 4, 2014 and September 28, 2015, and an Order dated May 27, 2016, this Court dismissed and granted summary judgment in favor of Berman's on several of Plaintiffs' claims. (ECF Nos. 10, 32, 55.) The sole remaining claim in Plaintiffs' amended complaint is for fraud under Maryland law.

> damages include loss of down payment of $1,200.00, and any reporting in the past or future by defendant to any credit reporting company as to the repossession of the purchased vehicle, or alleged failure to make payments to defendant either as to alleged won payment of $800.00 and any alleged deficiency due.

(Def.'s Mot. Ex. 5.) On April 10, 2015 Ms. Aldrich had provided an identical answer to the same interrogatory. (Def.'s Mot Ex. 6.) On February 29 and March 1, 2016, respectively, Mr. Price and Ms. Aldrich supplemented their answers to Interrogatory No. 9 to state their intent to seek punitive damages in the sum of $37,763.16, which Ms. Price's answer explained was equal to three times the total cost of the car with credit. (Def.'s Mot. Exs. 7, 8.) Defendant did not object at the time of the supplementation but instead filed the instant motion, seeking to prevent Plaintiffs from claiming punitive damages in any amount at trial. Defendant claims that because Plaintiffs did not timely supplement their discovery response to indicate their intent to seek punitive damages, they should be barred from seeing punitive damages under Federal Rules of Civil Procedure 26 and 37

## II. Legal Standard

Rule 26(e) requires a party who has responded to an interrogatory to supplement or correct its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Rule 37(c)(1) provides that when "a party fails to provide information . . . required by Rule 26(a) or (e), the party is not allowed to use that information . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a party's failure to disclose or supplement is "substantially justified or harmless," relevant factors include: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which

allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Southern States Rack & Fixture Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597-98 (4th Cir. 2003).

### III. Analysis

The Court declines to prohibit Plaintiffs from asserting their claim for punitive damages because, although Plaintiffs have not identified any substantial justification for their delay, their belated supplementation is nevertheless harmless. First, Berman's was on notice as early as May 7, 2014 that Plaintiffs sought punitive damages in conjunction with their fraud claim, as requested in the ad damnum clause of their Amended Complaint. (Am. Compl. ¶ 76, ECF No. 6.) And although Plaintiffs failed to reiterate their intent to seek punitive damages in their earlier answers to Berman's interrogatory, their request for punitive damages in their Amended Complaint distinguishes this case from those in which courts have prevented parties from seeking punitive damages due to lack of notice. *See e.g., Williams v. Boulevard Lines, Inc.*, No. 10 Civ. 2924 (DF), 2013 WL 5652589, at *2, *7 (S.D.N.Y. Sept 30, 2013) (preventing a plaintiff from seeking punitive damages at trial where he had not indicated his intent to do so either in his original or amended pleadings or during the discovery process); *Bartlett v. NIBCO Inc.*, No. 3:08-cv-597-PPS, 2011 WL 1042324, at * 3 (N.D. Ind. Mar. 18, 2011) ("[Plaintiff's] failure to disclose an intent to seek punitive damages—in the pleadings and during discovery—requires that I foreclose her from presenting evidence of punitive damages at trial."). Given the notice of their intent to seek punitive damages that Plaintiffs' Amended Complaint provided, the Court cannot conclude that Plaintiffs' belated supplementation legitimately surprised Defendants.

Moreover, other than losing the ability to make a summary judgment argument on punitive damages (discussed more fully below), Berman's has not identified any prejudice it may suffer as a result of Plaintiffs' belated supplementation of their answer to Defendants'

interrogatory. With respect to the content of the supplemental response—Plaintiffs assertion of a specific figure for punitive damages—the Court notes that the figure suggested by Plaintiffs is meaningless insofar as whether to award punitive damages and the appropriate amount of any such damages are decisions within the discretion of the trier of fact. *See, e.g., Hellenic Ministry of Nat. Def. v. Eagle Van Line, Inc.*, 116 F. Supp. 3d 582, 601 (D. Md. 2015) ("The trier of fact has discretion to deny punitive damages even where the record otherwise would support their award.") (quoting *Adams v. Coates*, 626 A.2d 36, 43 (Md. 1993)). And although multiple factors will be considered in reaching those decisions,[2] Plaintiffs' admittedly irrelevant suggestion that that the figure should be three times the value of the overall installment sales contract price is not one of those factors.

As to the timing of the supplemental response, Berman's argues that if the supplementation had been made before the discovery deadline, it would have moved for summary judgment on the issue of punitive damages. Under Maryland law, in order to be entitled to punitive damages for fraud, a plaintiff must make a prerequisite showing that he has suffered compensatory damages. *Frazier v. Castle Ford, Ltd.*, 59 A.3d 1016, 1026 (Md. 2013). Under Maryland law, Berman's contends Plaintiffs cannot establish that they suffered either "out of pocket" damages or "benefit of the bargain" damages, the alternative measures of compensatory damages available for fraud. *See Due Forni LLC v. Euro Rest. Solutions, Inc.*, No. 13-cv-3861-PWG, 2016 WL 1222507, at *3-4 (D. Md. Mar. 29, 2016) (citations omitted). Thus, Berman's claims it would have been entitled to summary judgment on Plaintiffs' claim for

---

[2] For an award of punitive damages to comport with due process, for example, relevant factors include the reprehensibility of the defendant's conduct, the relationship of the award to the compensatory damages. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996). In evaluating whether punitive damages awards are excessive, Maryland courts consider nine principles, including the deterrent value of the award and whether it is greater than necessary, as well as the defendant's ability to pay. *See Adams v. Morris*, 706 F. Supp. 2d 632, 638-39 (D. Md. 2010) (citing *Bowen v. Caldor, Inc.*, 710 A.2d 267, 277-85 (Md. 1998)).

punitive damages. Berman's argument on this point, however, is unavailing. Under the facts of this case, the appropriate measure of compensatory damages for Plaintiffs' fraud claim is not complicated. According to Plaintiffs' theory, they were fraudulently induced to enter into an installment sales contract they could not afford. In theory, Plaintiffs might have elected to enforce the installment contract under the terms they thought they had agreed to, or might have elected to pursue a rescission of the contract. However, Berman's repossessed the vehicle approximately a month after the sale without returning Plaintiffs' down payment, effectively depriving Plaintiffs of either remedy. Under these facts, Plaintiffs' "out of pocket" expenses are equal to the retained down payment, making that sum recoverable in compensatory damages.[3] And if Plaintiffs successfully establish their claim for fraud, punitive damages will thus be available (provided they also establish the requisite culpability). Accordingly, since Berman's motion for summary judgment on this point would have failed, the Court is unpersuaded that Berman's will suffer any prejudice from Plaintiffs' belated supplementation of its interrogatory response.

**IV.  Conclusion**

For the reasons set forth herein, Berman's Motion *in Limine* (ECF No. 52) is **DENIED**.

Dated: June 8, 2016                              /s/
                                                 J. Mark Coulson
                                                 United States Magistrate Judge

---

[3] This is so, in spite of the Court's explanation in *Due Forni* that out of pocket damages equal "the difference between the amount of the purchase price the buyer has paid and the actual value of the property on the date it was sold." 2016 WL 1222507, at *4 (quoting *Hall v. Lovell Regency Homes Ltd. P'ship*, 708 A.2d 344, 349 (Md. Ct. Spec. App. 1998)). The actions Berman's took subsequent to the execution of the installment sales contract precluded this measure of damages from having any meaningful application to the facts of this case, and the Court declines to construe the definition of "actual losses" so strictly as to eliminate Plaintiffs' ability to seek recourse for Berman's allegedly fraudulent activity.