IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY PRICE, et al., | * | |
| Plaintiffs | * | |
| v. | * | Civil Case No. 14-763-JMC |
| BERMAN'S AUTOMOTIVE, INC., | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \*

## **MEMORANDUM**

This case has been referred to me for all proceedings by the consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 301. (ECF Nos. 18, 20, 22.) Presently pending before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs. (ECF No. 70.) The matter has been fully briefed (ECF Nos. 69-74), and no hearing is necessary, Loc. R. 105.6 (D. Md. 2014). For the foregoing reasons, Plaintiffs' motion is DENIED.

### I.  Background

This matter was originally filed on March 12, 2014 and stems from the Plaintiffs' purchase of an automobile from Defendant on February 25, 2014. The original Complaint included claims for violations of the Truth in Lending Act, 15 U.S.C. §1601–1667f ("TILA"), the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101–13-501, and the Uniform Commercial Code ("UCC") § 2-608. (Compl., ECF No. 1.) Jurisdiction in this Court was premised on 15 U.S.C. § 1640 and 28 U.S.C. §§ 1331 and 1367.

The Complaint was amended on May 7, 2014 to add counts for common law deceit by non-disclosure or concealment and negligent misrepresentation, a violation of Code of Maryland Regulations ("COMAR") § 11.12.01.15(A), and a violation of Maryland Code Annotated, Commercial Law § 12-694.  The UCC count was dropped.  (Am. Compl., ECF No. 6.)

By order dated November 4, 2014, Chief Judge Blake of this Court granted, in part, Defendant's Motion to Dismiss.  As a result of that order, the remaining counts consisted of: a violation of TILA's "timing" requirement regarding disclosures,[1] the common law deceit claim, better treated as a claim for fraud, the negligent misrepresentation claim, and part of the Maryland Consumer Protection Act claim.[2]  (Mem., Nov. 4, 2014, ECF No. 10.)

The parties consented to proceed before a United States Magistrate Judge on December 16 and 17, 2014.  (ECF Nos. 20, 22.)  Defendant moved for summary judgment on the remainder of the Amended Complaint on July 17, 2015.  (ECF. No. 27.)  This Court granted Defendant's motion in part on September 28, 2015.  (ECF No. 33.)  As a result of that order, Plaintiffs' claims were further narrowed.  Plaintiffs' TILA claim was limited to their actual damages (the failure of Defendant to return their $1200 deposit), and their fraud/deceit, negligent misrepresentation, and Maryland Consumer Protect Act claims remained.

On or about October 21, 2015, Defendant apparently tendered the $1200.00 plus interest to Plaintiffs and, on February 2, 2016, Defendant moved to dismiss based on lack of subject matter jurisdiction.  (ECF No. 40.)  By order dated March 21, 2016, this Court denied Defendant's motion without prejudice, instructing Defendant that if it submitted proof of

---

[1] Plaintiffs' remaining TILA theories were dismissed.

[2] Chief Judge Blake dismissed that part of the Maryland Consumer Protection Act claim based on the difference between the price Plaintiffs' paid for the vehicle and a price Plaintiffs' subsequently found on the internet for the same vehicle, but she allowed that part of the claim based on a difference between the financing initially promised and the financing that the sales documents set forth.

delivery of a cashier's check in the amount of $1200.00 plus interest, the TILA claim, the negligent misrepresentation claim, and the Maryland Consumer Protection Act claim would be dismissed for mootness. (ECF No. 45.) The Court further indicated that it would retain jurisdiction over the remaining fraud claim to the extent it alleged punitive damages, under its supplemental jurisdiction.

On May 4, 2016, Defendant filed another motion to dismiss for mootness, having followed the Court's instructions set forth in its March 21, 2016 order. (ECF No. 49.) By order dated May 27, 2016, this Court dismissed as moot all remaining claims except Plaintiffs' claim for punitive damages under their common law fraud theory.[3] A trial on that remaining theory was held on June 13, 2016, at the conclusion of which this Court found that there was no liability for punitive damages for fraud and, consequently, entered judgment on behalf of Defendant.

## II. Discussion

Plaintiffs now seek costs associated with this litigation. Specifically, Plaintiffs filed a Motion for Attorneys' Fees and Costs, claiming that they brought a successful TILA action and, therefore, were eligible for reasonable attorneys' fees and costs. For the reasons that follow, this Court disagrees.

Under the "American rule," which is ordinarily applicable in our legal system, "there is a general practice of not awarding fees to a prevailing party absent explicit statutory authority." Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 274 (4th Cir. 2002) (internal citations omitted). Here, Plaintiffs seek an award of attorneys' fees and costs pursuant to, what they believe, was a successful claim brought under the TILA.

---

[3] The Court noted that even though Defendant's tender mooted actual damages under the fraud claim, such a tender did not moot a punitive damages recovery pursuant to the Maryland Court of Appeals' ruling in Frazier v. Castle Ford, Ltd., 59 A.3d 1016, 1026-27 (Md. 2013).

"The TILA requires that a defendant pay costs and reasonable attorneys' fees to any person who brings a 'successful action' to enforce liability under the TILA against that defendant." Nigh v. Koons Buick Pontiac GMC, Inc., 478 F.3d 183, 185 (4th Cir. 2007) (citing 15 U.S.C. § 1640(a)(3) (2000)). [4] The Fourth Circuit has construed this "successful action" requirement as being largely synonymous with the "prevailing party" standard commonly seen in other federal statutes with fee shifting provisions. Nigh, 478 F.3d at 186 ("But there is little reason to suppose that a successful action is anything more or less than an action brought by a prevailing party."). Consequently, for purposes of evaluating whether Plaintiffs brought a 'successful action' under TILA, this Court looks to the well-defined 'prevailing party' standard.

In evaluating whether Plaintiffs are a "prevailing party," and thus eligible for costs and reasonable attorneys' fees under TILA, we are guided by the United States Supreme Court's decision in Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598 (2001). In Buckhannon, the Supreme Court considered the question of whether the term "prevailing party," as it is used in a variety of federal fee-shifting statutes, "includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Grissom v. The Mills Corp., 549 F.3d 313, 318 (4th Cir. 2008) (citing Buckhannon, 532 U.S. at 600). The Supreme Court held that it did not, stating that in order to be "considered a 'prevailing party' there must be a 'material alteration of the legal relationship of

---

[4] The Truth in Lending Act, 15 U.S.C. §1640, provides in pertinent part:

> [A]ny creditor who fails to comply with any requirement imposed under this part ... with respect to any person is liable to such person in an amount equal to ... in the case of any successful action to enforce the foregoing liability ... the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1640(a)(3).

the parties,' and there must be 'judicial *imprimatur* on the change.'" Grissom, 549 F.3d at 318 (citing Buckhannon, 532 U.S. at 604-605).

In applying this "prevailing party" standard from Buckhannon, the United States Court of Appeals for the Fourth Circuit has clarified that the Supreme Court's decision in Buckhannon "established a bright-line boundary on what constitutes 'relief on the merits' of a particular claim: only 'enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees.'" Hardt v. Reliance Standard Life Ins. Co., 336 F. App'x 332, 335 (4th Cir. 2009), (rev'd on other grounds) (citing Buckhannon 560 U.S. at 242); see also Goldstein v. Moatz, 445 F.3d 747, 751 (4th Cir. 2006)(" in Buckhannon, the Court instructed the lower courts that only enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees") (internal citations omitted).

At no point in this litigation has there been an enforceable judgment on the merits of Plaintiffs' TILA claim, nor was there a consent decree that incorporated a settlement agreement between the parties into an enforceable court order. Smyth, 282 F.3d at 280–81 (an agreement between the parties may constitute a consent decree, for purposes of the "prevailing party" standard, where "the obligation to comply with the terms of the agreement" is "made part of an order of the court."). Rather, the "relief" that Plaintiffs received came in the form of the cashier's check for the total amount of damages that Plaintiffs would have been able to receive for their TILA and MCPA claims. Plaintiffs believe that this relief merits them "prevailing party" status because, as they put it, "the principal benefit that [they] sought," from their TILA claim, "was the return of their $1200.00," which they achieved, plus interest, from Defendant.

This Court is not convinced. Merely obtaining the principal benefit sought by instituting the litigation is insufficient to claim "prevailing party" status for purposes of a federal fee shifting statute, as such relief would lack the "judicial approval and oversight" that is necessary to "demonstrate the requisite court-ordered change in the legal relationship between the plaintiff and the defendant." Smyth, 282 F.3d at 281 (internal brackets and citations omitted).

Admittedly, as Plaintiffs point out, Defendants may have simply paid the $1,200.00 plus interest because they thought they would not have been able to prevail on the TILA and MCPA claims at trial. Thus, by mooting the case, they could walk away without bearing any of the costs or attorneys' fees. But this "tactical mooting" strategy, as the Fourth Circuit has called it, is "simply insufficient to overcome the statutory requirement that a party applying for a fees and costs award must first have been accorded some relief in the district court." Goldstein, 445 F.3d at 752; see also Hardt, 336 F. App'x at 335 ("there is no exception for 'tactical mooting'-the situation where a defendant chooses to settle rather than risk an award of attorney's fees) (citing Goldstein) (rev'd on other grounds, 560 U.S. 242 (2010)).[5] The strategy or impetus behind Defendant's decision to issue the cashier's check is of no moment here. Plaintiffs did not receive relief in the form of an 'enforceable judgments on the merits' or a 'court-ordered consent decree.' Consequently, they are not eligible for attorneys' fees under the TILA.[6]

Furthermore, Plaintiffs note that they had opposed Defendant's motion to dismiss the case as moot "because of a concern that the voluntary, unconditional payment by Defendant

---

[5] Because we find that Plaintiffs are not entitled to attorneys' fees and costs under the TILA, there is no need to address whether the amount of costs and fees sought by Plaintiffs is reasonable.

[6] In their Motion for Attorneys' Fees and Costs, Plaintiffs request fees only for their mooted TILA claim but not their mooted MCPA. Unlike federal courts discussing the TILA and other federal fee shifting statutes, the Maryland Court of Special Appeals has stated that the MCPA does not require express judicial approval of a private settlement agreement in order for plaintiffs to claim "prevailing party" status and thus be eligible for reasonable attorneys' fees and costs. See Hyundai Motor Am. v. Alley, 960 A.2d 1257, 1263 (2008) ("we hold that even though the settlement did not receive express judicial approval, the procedure used was sufficiently indicative of prevailing party status and was not inconsistent with [the MCPA]").

would preclude this Court from considering a later fee petition." (ECF Nos. 40, 42, 43.). Plaintiffs then highlight a portion of this Court's order granting that motion to dismiss, in which this Court cites case law from the Ninth and Eleventh Federal Circuit Courts, suggesting that Plaintiffs may be eligible to claim reasonable attorneys' fees and costs as a "prevailing party." This, of course, was not a finding that Plaintiffs would be eligible for attorneys' fees; rather it was merely an invitation for Plaintiffs to look at how other Federal Circuit Courts have approached the "prevailing party" standard and to make an argument that somehow distinguishes the binding precedent from our circuit. As has been noted in the foregoing discussion, however, Plaintiffs have not convinced this Court that they meet this standard so as to justify a departure from settled Fourth Circuit law.

### III.   Conclusion

For the foregoing reasons, this Court denies Plaintiffs' motion for attorneys' fees and costs.

/s/
J. Mark Coulson
United States Magistrate Judge